IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>City Crescent Building, 3rd Floor<br>10 South Howard Street<br>Baltimore, MD 21201<br><br>    Plaintiff,<br><br>v.<br><br>MCCORMICK & SCHMICK'S SEAFOOD RESTAURANTS, INC., and<br>MCCORMICK & SCHMICK RESTAURANT CORPORATION,<br>720 SW Washington Street, Suite 550<br>Portland, OR 97205<br><br>    Defendants. | Case No.<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to a class of aggrieved Black job applicants and employees who were adversely affected by such practices. As alleged with greater particularity in Paragraphs 7-10, below, the U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that since at least January 1998, the Defendants McCormick & Schmick's Seafood Restaurants, Inc. and McCormick & Schmick Restaurant Corporation have engaged in an on-going pattern or practice of race discrimination against Black job applicants and employees at their Baltimore facilities in violation of Title VII. In addition, as alleged with greater particularity below, EEOC alleges

1

that Defendants engaged in racially discriminatory recruitment advertising in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6.

4. At all relevant times, Defendants McCormick & Schmick's Seafood Restaurants, Inc., McCormick & Schmick Restaurant Corporation ("Defendants"), Delaware corporations, and their predecessors, have continuously been doing business in the State of Maryland, as well as other jurisdictions, and have continuously had at least 15 employees.

5. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Party Cris Robinson filed a charge of discrimination with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 1998, Defendants have engaged in unlawful employment practices at their Baltimore, Maryland restaurants in violation of Section 703(a)(1) and (a)(2) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and (a)(2).

8. Since at least January 1998, Defendants have subjected a class of aggrieved Black job applicants for server, cocktail server, host/hostess, bartender, and other public visibility positions to an ongoing pattern or practice of discriminatory failure to hire such persons at its Baltimore restaurants because of their race, Black, in violation of Title VII.

9. Since at least September 2003, Defendants have subjected a class of aggrieved Black employees in server, cocktail server, and host/hostess positions to an ongoing pattern or practice of discriminatory terms and conditions of employment in the form of separate, less favorable and less lucrative work and table assignments at its Baltimore restaurants because of their race, Black, in violation of Title VII.

10. Since at least June 2004 and likely earlier, and continuing until on or about December 2004, Defendants printed and published, and caused to be printed and published, notices and advertisements relating employment that indicated a preference, limitation, specification and discrimination based on race in violation of Section 704(b) of

Title VII, 42 U.S.C. § 2000e-3(b). Such violations have included, but are not necessarily limited to, notices and advertisements regarding career opportunities on its website that contained visual depictions of employees through use of human models that appear to be disproportionately or entirely non-racial minority persons. Moreover, the effect of the foregoing practice was to deter applications from a class of aggrieved job seekers referenced above because of their race, thus depriving those persons of employment opportunities in violation of Title VII.

11. The effect of the practices complained of in paragraphs 7-10, above, has been to deprive a class of Black job applicants and employees of equal employment opportunities and otherwise adversely affect their status as applicants and employees because of their race.

12. The unlawful employment practices complained of in paragraphs 7-10, above, are part of a continuing course of race discrimination perpetrated against Black job applicants and employees by Defendants that has persisted since at least January 1998.

13. The unlawful employment practices complained of in paragraphs 7-10, above, were and are intentional.

14. The unlawful employment practices complained of in paragraphs 7-10, above, were and are done with malice or with reckless indifference to the federally protected rights of Black job applicants and employees.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in race discrimination, including discriminatory denial of hire, work assignments,

appearance standards, constructive discharge, employment advertising, and any other employment practice which discriminates on the basis of race.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black persons, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole a class of aggrieved Black job applicants (and deterred applicants) and employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement and front pay in lieu thereof.

D. Order Defendants to make whole a class of aggrieved Black job applicants (and deterred applicants) and employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-10, above, in amounts to be determined at trial.

E. Order Defendants to make whole a class of aggrieved Black job applicants (and deterred applicants) and employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7-10, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendants to pay a class of aggrieved Black job applicants (and deterred applicants) and employees punitive damages for the malicious and reckless conduct described in paragraphs 7-10, above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
JACQUELINE H. MCNAIR
Regional Attorney
EEOC-Philadelphia District Office
(including Baltimore Field Office)
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (215) 440-2666
Facsimile number: (215) 440-2600

_____
DEBRA M. LAWRENCE (Bar No. 04312)
Supervisory Trial Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 209-2734
Facsimile number: (410) 962-4270

_____
RONALD L. PHILLIPS
Senior Trial Attorney

        EEOC-Baltimore Field Office
        City Crescent Building, 3rd Floor
        10 South Howard Street
        Baltimore, Maryland 21201
        Telephone number: (410) 209-2737
        Facsimile number: (410) 962-4270