**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

```
EQUAL EMPLOYMENT OPPORTUNITY     *
COMMISSION                       *
                                 *
          v.                     *     Civil Action WMN-08-CV-984
                                 *
MCCORMICK & SCHMICK'S SEAFOOD    *
RESTAURANTS, INC. and            *
MCCORMICK & SCHMICK              *
RESTAURANT CORPORATION           *

     *    *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM**

Before the Court is Plaintiff U.S. Equal Employment Opportunity Commission's ("EEOC") Motion for Issuance of Subpoena During Stay of Proceedings. Paper No. 29.  The Motion is fully briefed.  Upon review of the pleadings and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and the motion will be granted as set forth below.

Plaintiff in this case has alleged, <u>inter alia</u>, that Defendants McCormick & Schmick's Seafood Restaurants, Inc. and McCormick & Schmick Restaurant Corporation have discriminated against black applicants at their two Baltimore restaurants. Prior to the completion of discovery, this Court entered an order granting the parties' joint motion to stay all proceedings in this case, including discovery, pending the outcome of a settlement conference.  The conference is scheduled for January

1

4, 2010.  As a part of the agreement to enter into mediation, the parties agreed to a production of data and an exchange of expert reports (for settlement purposes only) in advance of the settlement conference.

Plaintiff now requests this Court's permission to issue a Subpoena Duces Tecum to the Maryland Motor Vehicle Administration ("MVA").  Plaintiff maintains that documents from the MVA will assist experts for both parties to prepare more thorough reports, which in turn will render the settlement discussions more meaningful.  Plaintiff asserts that one issue to be discussed in the reports is a statistical analysis of the racial demographics of Defendants' hiring patterns at their two Baltimore restaurants.  According to Plaintiff, one important methodology in conducting such an analysis is to conduct an "applicant flow" analysis, in which Defendants' hiring patterns are measured against the availability of actual black applicants for the positions in question.  In order to conduct these statistical analysis Plaintiff sought information from the Defendants identifying the race of all persons hired as well as individuals who unsuccessfully applied.  While Defendants have produced job applications, they are unable to produce complete demographic information, including race and national origin, of the unsuccessful applicants.  Plaintiff argues that the subpoena to the MVA will allow them to obtain racial identification

information of unsuccessful applicants where these applicants hold Maryland drivers' licenses.

Because discovery had not yet closed prior to the stay of the proceedings and the parties have agreed to exchange documents and expert reports in order to have more meaningful settlement negotiations, Plaintiff has shown good cause for allowing the issuance of a subpoena to the MVA.  This Court agrees that this additional information would assist the parties in their negotiations.  Moreover, the Defendants have not shown that they would be prejudiced by allowing the subpoena to issue. The subpoena is limited in scope, pertaining only to documents providing racial identifying information as to the unsuccessful applicants who have a driver's license.  Thus, it should not result in an excessively burdensome amount of additional documents for the parties to review.

For the foregoing reasons, the Plaintiffs' Motion for Issuance of Subpoena will be granted.  A separate order will issue.

 9/28/09                          _____/s/_____
                                  William M. Nickerson
                                  Senior United States District Judge