```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

EQUAL EMPLOYMENT OPPORTUNITY    *
COMMISSION                      *
                                *
        v.                      *    Civil Action WMN-08-CV-984
                                *
MCCORMICK & SCHMICK'S SEAFOOD   *
RESTAURANTS, INC. and           *
MCCORMICK & SCHMICK             *
RESTAURANT CORPORATION          *

    *   *   *   *   *   *   *   *   *   *   *   *

## **MEMORANDUM**

Before the Court is Plaintiff U.S. Equal Employment Opportunity Commission's ("EEOC") Motion for Protective Order. Paper No. 38. The Motion is fully briefed. Upon review of the pleadings and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and the motion will be granted as set forth below.

On April 19, 2010, Defendants served upon EEOC a Notice of Deposition seeking Federal Rule of Civil Procedure 30(b)(6) testimony regarding the following subject matter:

1. Factual information and documents that reflect the names and addresses of all past or present employees and applicants whom EEOC claims to represent in this action, and the basis for the EEOC's claim of representation.

2. Factual information and documents that reflect the names and addresses of all persons that the EEOC has contacted, or received contact from, with respect to the allegations set forth in the Complaint.

1

3. Factual information and documents that support or rebut the EEOC's allegations set forth in the Complaint.

4. Statistical information, facts and analysis considered, used, developed, or prepared by the EEOC regarding the allegations in the Complaint.

5. Factual information and documents that support or rebut Plaintiff's allegation that "since at least January 1998, Defendants have subjected a class of aggrieved Black job applicants for server, cocktail server, host/hostess, bartender, and other public visibility positions to an ongoing pattern of discriminatory failure to hire such persons at its Baltimore restaurants because of their race."

6. Factual information and documents that support or rebut Plaintiff's allegation that "since at least September 2003, Defendants have subjected a class of aggrieved Black employees in server, cocktail server, and host/hostess positions to an ongoing pattern or practice of discriminatory terms and conditions of employment in the form of separate, less favorable and less lucrative work and table assignments at its Baltimore restaurants because of their race."

7. Factual information and documents that support or rebut Plaintiff's allegation that "since at least June 2004 and likely earlier, and continuing until on or about December 2004, Defendants printed and published, and caused to be printed and published, notices and advertisements relating to employment and indicated a preference, limitation, specification and discrimination based on race."

8. Factual information and documents that support or rebut Plaintiff's allegation that unidentified and non-produced "notices and advertisements" had the effect of deterring applications from a class of aggrieved job seekers because of their race.

9. Factual information and documents that reflect the EEOC's process, procedures and methodology for collecting, tracking, storing, and manipulating data and other electronic information regarding this case.

10. Factual information and documents that reflect the process, procedure and methodology by which employment applications were allegedly reviewed and analyzed to determine that discriminatory practices were occurring.

11. Factual information and documents that reflect the identification of all individuals, to include name, address, and telephone number, allegedly deterred from applying to McCormick & Schmick's.

12. Factual information and documents that reflect the alleged policies or practice that were allegedly discriminatory.

13. Factual information and documents that reflect any communication between the EEOC and individuals whom EEOC claims to represent in this action, where such communication occurred prior to the establishment of an attorney-client relationship between that person and the EEOC.

14. Factual information and documents that reflect any communication between the EEOC and individual whom EEOC claims to represent in this action, regardless of when the communication occurred.

15. Documents reviewed by the deponent in preparation for this deposition.

Def.'s Not. of Dep., Apr. 19, 2010.

EEOC's primary objection to the Notice is that, as argued by EEOC, the subject matters outlined in the Notice would require the testimony of EEOC counsel, either directly or through a proxy, which would inevitably invade its opinion work product and result in an undue burden to EEOC. Defendants contend, however, that they are simply seeking to discover factual information that directly relates to the claims and

defenses in this case from EEOC and that if EEOC "has created a case that depends solely on the "facts" known by counsel, that is a product of its own making, and one that should not prejudice [Defendants'] ability to obtain discovery.

Judge Chasanow in this Court held as to a similar Rule 30(b)(6) deposition notice in S.E.C. v. SBM Inv. Certificates, Inc. that a protective order is appropriate where the notice topics would effectively result in the deposition of opposing counsel and where other means of obtaining the discovery were available because such a deposition would likely invade attorney opinion work product and be an undue burden on the parties and the court. Civ. No. 06-0866, 2007 WL 609888 (D. Md. Feb. 23, 2007). In SBM, the defendant sought an SEC designee to testify about the factual bases for SEC's claims and allegations in the litigation, as well as certain communications between the SEC and various parties. Id. at *20-21. SEC moved for a protective order prohibiting the deposition, which Judge Chasanow granted. Id. at *20-26.

Judge Chasanow first noted the broad entitlement to discovery under Rule 26(b)(1), the ability of a party to depose a governmental agency under Rule 30(b)(6) and the requirement that the entity designate a person to testify on its behalf. Id. at *21-22. She then explained the ability of a district court to limit discovery in the Fourth Circuit:

> On its own initiative or in response to a motion for protective order under Rule 26(c), a district court may limit "the frequency or extent of use of the discovery methods otherwise permitted" under the Federal Rules of Civil Procedure if it concludes that "(I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). Further, upon motion of a party and "for good cause shown," the court [in which the action is pending or, on matters relating to a deposition,] in the district in which a deposition is to be taken may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order that the discovery not be had. Fed. R. Civ. P. 26(c).

Id. at *22 (citing Nicholas v. Wyndham Int'l., Inc., 373 F.3d 537, 543 (4th Cir. 2004)).

Judge Chasanow also discussed the protection from discovery available for materials created in preparation for litigation under Rule 26(b)(3):

> [A] party may obtain discovery of documents and tangible things otherwise discoverable . . . and prepared in anticipation of litigation or for trial . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, <u>the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.</u>

5

Id. at *22 (quoting Rule 26(b)(3)) (emphasis in SBM).

Citing the analysis of the Southern District of New York in SEC v. Rosenfeld, Civ. No. 97-1467, 1997 WL 576021 (S.D.N.Y., Sept. 16, 1997), Judge Chasanow reasoned (a) that some of the matters in the deposition notice directly sought opinion work product, such as the results of SEC's investigation of the case, (b) that even as to other subject areas the notice was the fundamental equivalent of a notice to depose SEC counsel, as SEC (like EEOC) is a law enforcement agency without independent knowledge of the transactions giving rise to the litigation and responsive information would only be known through work product efforts of its counsel, (c) that the process of preparation of any designee who was not counsel would inevitably result in intrusion into attorney opinion work product, and (d) that the deposition was unwarranted given the availability of other forms of discovery to elicit factual evidence in the case. Id. at *22-26.

In reaching this conclusion, Judge Chasanow expressly rejected the contention (similarly asserted by Defendants in this case) that a person other than counsel could or should be designated to testify for the agency, finding that manufacturing and producing such a witness would inevitably invade attorney work product. Id. at *24. Judge Chasanow distinguished one of the cases cited by Defendants in their brief in this case,

Wilson v. Lakner, 228 F.R.D. 524 (D. Md. 2005), on the ground that in <u>Lakner</u> the organization already had independent knowledge of the transaction at issue in the litigation and so a Rule 30(b)(6) designee could be created by conducting an investigation of those events in preparation for deposition without impinging on attorney work product. <u>Id.</u> at *25. Judge Chasanow contrasted that circumstance with the SEC's case, in which the SEC (like EEOC) had no independent knowledge of the events at issue and could only speak to matters known through attorney involvement in anticipation of litigation, which would inevitably invade opinion work product. <u>Id.</u>

Finally, Judge Chasanow also rejected the contention (also asserted by Defendants here) that the deposition should go forward subject to objections and assertions of privilege regarding individual questions because the noticed subject areas facially sought attorney work product. <u>Id.</u> at *25-26. Quoting from <u>N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.</u>, 117 F.R.D. 83 (M.D.N.C. 1987), Judge Chasanow concluded that such situations often result in an unnecessary additional burden for the parties and the court in resolving the inevitable questions of attorney-client privilege and work product that would arise. <u>Id.</u> at *25-26. Because there were less burdensome means of discovery available, Judge Chasanow held, a protective order was appropriate. <u>Id.</u> at *26. <u>See</u> <u>also</u> <u>e.g.</u>, <u>SEC v. Nacchio</u>, 614 F.

7

Supp. 2d 1164, 1176-1178 (D. Colo. 2009) (rejecting defendant's contention that precluding Rule 30(b)(6) deposition was acceptance of blanket privilege objection, noting instead that protective order barring deposition was based on burden, nature of subject areas in notice and inevitable intrusion into work product that would result).

Numerous other federal courts have similarly concluded that 30(b)(6) deposition notices directed to a law enforcement agency involving the type of information Defendants seek in this case were, in effect, notices to depose opposing counsel of record and would not be permitted given a) the agencies' lack of independent knowledge of the transactions at issue and that the information the noticing party was seeking was generated by the agencies' counsel or counsel's agents in preparation of trial, b) the consequent high potential for intrusion into attorney work product, c) the undue burden and inefficiency entailed to prepare a lay witness to engage in rote memorization and recitation of the evidence in the case, and d) the availability of alternative means to secure legitimate factual discovery. See e.g., Nacchio, 614 F. Supp. at 1164; SEC v. Jasper, Civ. No. 07-06122, 2009 WL 1457755, at *2-4 (N.D. Cal., 2009) (granting SEC's motion for a protective order where the defendant sought a Rule 30(b)(6) deposition of SEC on matters relating to communications with two witnesses after the defendant had

already received document production and interrogatory responses relating to the subject matter because it would necessarily entail the practical equivalent of deposition of SEC counsel, would unnecessarily intrude upon SEC counsel's work product, and alternative means of obtaining the information was available); FTC v. U.S. Grant Resources, LLC, Civ. No. 04-596, 2004 WL 1444951, at *9-11 (E.D. La. June. 25, 2004) (holding Rule 30(b)(6) deposition of FTC improper given that FTC attorneys and persons working under their direction conducted investigation that was subject of deposition notice and was, therefore, effectively a deposition of FTC's counsel, and that the subjects of the notice did not seek facts, but rather FTC's theories and impressions as to the underlying facts, invading opinion work product); SEC v. Buntrock, 217 F.R.D. 441, 444-46 (N.D. Ill. 2003) (granting SEC's motion for a protective order where the defendant sought a Rule 30(b)(6) deposition after the defendant had already received document production and interrogatory responses relating to the noticed subject matters because it would necessarily entail the practical equivalent of deposition of SEC counsel, would unnecessarily intrude upon SEC counsel's work product, and alternative means of obtaining the information was available); SEC v. Rosenfeld, 1997 WL 576021, at *2 (holding Rule 30(b)(6) deposition of SEC improper given that SEC attorneys and persons working under their direction conducted

9

investigation that was subject of deposition notice and was, therefore, effectively a deposition of SEC's counsel, and that the subjects of the notice did not seek facts, but rather SEC's theories and impressions as to the underlying facts, invading opinion work product); <u>EEOC v. HBE Corp.</u>, 157 F.R.D. 465, 466-67 (E.D. Mo. 1994) (holding same regarding EEOC litigation allegations); <u>United States v. District Council of New York City</u>, Civ. No. 90-5722, 1992 WL 208284, at *5-6, 10 (S.D.N.Y. Aug. 18, 1992) (holding same regarding Justice Department allegations in RICO litigation).

Judge Chasanow's persuasive reasoning applies equally here where the subjects outlined in the 30(b)(6) deposition notice on their face seek attorney work product and would require the deposition of EEOC counsel or a proxy prepared by counsel. The need to prepare a proxy would result in an undue burden to EEOC, particularly where the underlying factual information allegedly sought is obtainable through other discovery means. Moreover, the attendant objections as to individual questions during the deposition on attorney-client privilege and work product grounds would likely involve recourse to this Court and a significant burden on this Court's time that would be lessened by other means of discovery.

Defendants in their opposition repeatedly insist that they are only seeking factual information, not attorney work product,

and cite several cases that they insist support the idea that a protective order is not appropriate here. Defendants' Notice, however, does not ask for the underlying facts, but EEOC's counsel's interpretation of the facts and how they have chosen to proceed in preparing their case. None of the cases cited by Defendants support obtaining this kind of information through a 30(b)(6) deposition of the EEOC. Rather, in each of those cases cited by Defendants, the Court only allowed deposition of an investigator designated by EEOC as to the facts the investigator learned during her investigation, but did not allow questions that invaded work product or attorney client privilege. <u>EEOC v. Am. Int'l Group, Inc.</u>, Civ. No. 93-6390, 1994 WL 376052, at *2-3 (S.D.N.Y. Jul. 18, 1994) (holding that where EEOC designated supervisor of investigator for Rule 30(b)(6) deposition, deponent had to answer questions concerning 1) interviews conducted during investigation and 2) materials reviewed in preparation for the deposition, but did not have to answer questions relating to allegations in the complaint and possible defenses the defendant may have); <u>EEOC v. Burlington Northern</u>, Civ. No. 07-734, 2008 WL 4845308 (W.D. Okla. June 23, 2008) (holding that "[d]efendant should be permitted to take the EEOC's deposition limited to factual information obtained during its investigation . . . and that bears on the completeness of the EEOC's document production" but that no questions would be

allowed as to supplementing EEOC's Rule 26 disclosures or discovery answers, which seemed specifically directed to EEOC counsel's activities); EEOC v. California Psychiatric Transitions, 258 F.R.D. 391, 396-398 (E.D. Cal. 2009) ("Defendant may question the [investigator] to clarify ambiguities related to the factual aspects of the investigation. However, any conclusions, interpretations, or recommendations that the investigator formulated will be subject to the deliberative process privilege."); EEOC v. Albertson's, LLC, Civ. No. 06-1273, 2007 WL 1299194, at *1-2, 5-6 (D. Colo. May 1, 2007) (recognizing that most of the notice subjects involve factual inquiries and denying EEOC's motion to the extent that it seeks a blanket protective order, but allowing EEOC to assert objections during deposition to specific questions to preserve privileges); Serrano v. Cintas Corp., Civ. No. 04-40132, 2007 WL 2688565, at *2-3 (E.D. Mich. Sept. 10, 2007) (rejecting EEOC argument for protective order as to 30(b)(6) deposition due to irrelevancy and improper areas for deposition and finding only case cited by EEOC in support inapposite because it dealt with privileged information, which was not at issue in Serrano). Moreover, in none of the aforementioned cases cited by Defendant did EEOC argue that the subject matters necessitated the deposition of EEOC's counsel. Rather, in most of the cases EEOC had already designated an investigator to be deposed and only

objected to the inquiries that sought opinion work product or privileged information.  Thus, cases cited by Defendants are not inconsistent with this Court's decision.

EEOC does not contend that it can never be subject to a Rule 30(b)(6) deposition regarding any subject.  Their objection is to the nature of the subjects outlined in this Notice, which facially target opinion work product.  Defendants have already received much of the factual information generated by EEOC's investigation. EEOC has disclosed (and continues to supplement on a rolling basis) the identities of those persons that it represents and witnesses with relevant knowledge, and has identified the substance of their knowledge of race discrimination in response to Defendants' interrogatories.  EEOC has produced its investigative file exceeding six boxes of records, including all witness statements contained therein and job advertisements.  Defendants have complete access to their own payroll, personnel and applicant data for purposes of statistical analysis of their employee selection patterns by their own expert.  Defendants' deposition subjects are not asking for clarification of this factual data, but rather for how EEOC's counsel has marshalled the facts learned during its investigation in support of its case.  All of the subject areas are likely to require testimony of EEOC counsel or a proxy prepared by counsel.  Thus, an invasion of attorney work product

would be inevitable.  Defendants' clearly "ha[ve] other means of discovery available to procure much of the information [they] seek[] through the disputed deposition, and the burden on the court and the SEC in considering the work product issue as to an inevitable array of issues raised at the deposition are not warranted."  See SBM, 2007 WL 609888, at * 26.

   For the foregoing reasons, the Plaintiffs' Motion for Protective Order will be granted.  A separate order will issue.


                                          _____/s/_____
                                          William M. Nickerson
                                          Senior United States District Judge
June 22, 2010